**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Yannice Y. Nunez,

Petitioner,

v.

L.S. Davis,

Respondent.

Civil No. 25-CV-2061 (PAM/EMB)

**REPORT AND RECOMMENDATION**

---

This case is before the Court on Petitioner Yannice Y. Nunez's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1.) Acting Warden Davis filed a response (Dkt. No. 13). Ms. Nunez did not file a reply.

At the time she filed her petition, Ms. Nunez was a federal prisoner incarcerated at FCI Waseca. (Dkt. No. 1.) She raises three claims for relief, all of which allege her release date was miscalculated. (*Id.* at 6–8.) As requested relief, Ms. Nunez asks this Court to correct her release date, expedite her halfway house placement, or immediately order home confinement. (*Id.* at 9.) The Federal Bureau of Prison's inmate locator tool shows that Ms. Nunez was released from BOP custody on July 28, 2025—about a month after this action was fully briefed. (*See* Dkt. No. 6.)

Because Ms. Nunez's release renders her requested relief moot, I recommend her petition be denied and this action be dismissed. *See*

*Hernandez v. Eischen*, 24-CV-27 (KMM/DLM), 2024 WL 4839827, at *4 (D. Minn. Oct. 28, 2024), ("If a petitioner receives the relief that they petitioned to receive by court order, the petition becomes moot because there is no longer a live case or controversy for a court to resolve."), *report and recommendation adopted*, 2024 WL 4839158 (D. Minn. Nov. 20, 2024).

To be sure, there are several exceptions to the mootness doctrine. The Court should not dismiss the petition as moot if any of the follow conditions are present:

> (1) secondary or collateral injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Alvarado-Ortiz v. FPC Yankton*, 22-CV-206 (NEB/ECW), 2022 WL 4358112, at *2 (D. Minn. July 27, 2022) (quotation omitted), *report and recommendation adopted*, 2022 WL 4357544 (D. Minn. Sept. 20, 2022).

None of those exceptions apply here. First, Ms. Nunez does not point to any "concrete and continuing injury other than the now-ended incarceration." *Oppong-Peprah v. Holder*, 8:11CV383, 2012 WL 686047, at *1 (D. Neb. Mar. 2, 2012) (quoting *Spencer v. Kemna,* 523 U.S. 1, 7 (1998)). Nor is the alleged issue "'capable of repetition yet evading review' because [Ms. Nunez] will not be incarcerated again for the same offense." *Hernandez*, 2024 WL 4839827, at *4. For the same reason, Respondent isn't free to resume incarcerating

Ms. Nunez at any time. Finally, Ms. Nunez filed her petition on her own behalf; this action doesn't involve a certified class. Because none of the exceptions apply, the petition is moot and this action should be dismissed.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner Yannice Nunez's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1) be **DENIED as moot**.

2. This action be **DISMISSED**.

Dated: July 23, 2026

*s/Elsa M. Bullard*
Elsa M. Bullard
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).